***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pfeiffer and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Pfeiffer, with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. The parties stipulated into evidence a packet of plaintiff's medical records. These records were marked as Stipulated Exhibit1, and were supplemented subsequent to the hearing.
2. Plaintiff's recorded statement was marked as Stipulated Exhibit 2.
3. An e-mail dated December 18, 2001 from Tim Hall was marked asStipulated Exhibit 3.
4. The PMA denial letter was marked as Stipulated Exhibit 4.
5. The Form 22 wage information chart was marked as StipulatedExhibit 5.
6. In addition, defendant introduced, and the deputy commissioner admitted into evidence, the following exhibits:
a. Medical note dated September 25, 2001;
b. Out-of-work medical note dated June 3, 2002;
c. Disability claim form;
d. Employee attendance sheets; and
e. E-mail from human resources dated August 27, 2002.
7. The issue to be determined in this matter is whether plaintiff sustained a compensable injury by accident, and if so, to what medical and indemnity benefits is plaintiff entitled.
8. Defendant raised an issue regarding insufficient notice on the part of plaintiff.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
All parties are properly before the Commission, and the Commission has jurisdiction of the parties and of the subject matter.
The parties are subject to and bound by the North Carolina Workers' Compensation Act.
Defendant First-Citizens Bank Trust Company was a self-insured employer at risk for payment of workers' compensation claims for its employees on the date of the alleged injury. PMA Insurance Group is the servicing agent for defendant-employer.
An employment relationship existed between plaintiff and defendant-employer on the date of the alleged injury, December 18, 2001.
Prior to her employment with defendant-employer, plaintiff was diagnosed with spondylosis and spinal cord flattening at C5-6 and C6-7, as well as a right central disc herniation at C6-7 by Dr. Robin F. Koeleveld on January 26, 1999, at the Raleigh Neurosurgical Clinic.
On March 11, 1999, plaintiff underwent a left C5-6 partial hemilaminectomy, foraminotomy, and decompression of the C-6 nerve root performed by Dr. Koeleveld.
Plaintiff and defendant-employer entered into an employment relationship on April 30, 2001, when plaintiff was hired as a sorter operator. A sorter operator is responsible for sorting and distributing checks in defendant- employer's processing center.
Plaintiff's average weekly wage at the time of injury was $498.65, which yields a compensation rate of $332.44.
On August 10, 2001, plaintiff saw Dr. Mary Jones, her primary care physician, and complained of right upper back, shoulder, and arm pain of two months duration. Plaintiff also complained that she had been experiencing pain in her hand for two months.
On September 24 and 25, 2001, plaintiff missed work because of pain in her right shoulder.
On September 25, 2001, plaintiff again visited Dr. Jones and complained of back, shoulder, and arm pain on her right side.
On December 18, 2001, while at work, plaintiff lifted a plastic case and felt a pop between her shoulder blades, as well as a pain in her neck. Plaintiff worked the remainder of her shift on December 18, 2001.
From December 18, 2001, until May 30, 2002, plaintiff did not suffer any incapacity to earn wages because of injury.
On April 3, 2002, plaintiff called Dr. Jones and complained of sharp bilateral shoulder and chest pain of one month duration, gradually worsening over the previous two to three days.
On April 4, 2002, plaintiff saw Dr. Jones and complained of right upper back, shoulder, and arm pain. Although she spoke to Dr. Jones about her duties at work, plaintiff did not relate her symptoms to any specific injury or incident.
On May 2, 2002, plaintiff returned to Dr. Jones and complained of right-sided upper extremity pain and depression. Again, plaintiff did not relate her symptoms to any specific injury or incident. Dr. Jones referred plaintiff to Dr. Michael C. Fajgenbaum, an orthopedic specialist.
On May 22, 2002, plaintiff was seen by Dr. Fajgenbaum. Plaintiff told Dr. Fajgenbaum that she had neck, shoulder, and arm pain on the right side, but she could not recall any specific injury. Plaintiff also told Dr. Fajgenbaum that the symptoms she was experiencing were virtually identical to the symptoms she had experienced in January of 1999, which predated her employment with defendant-employer. Dr. Fajgenbaum suspected that plaintiff's symptoms were secondary to her recurrent cervical disc condition, and referred plaintiff back to Dr. Koeleveld for follow up.
On May 31, 2002, plaintiff went on disability leave due to neck, shoulder, and arm pain. Plaintiff's disability form, signed by Dr. Jones on June 21, 2002, indicates that plaintiff's disability resulted from a "sickness," not an accident.
On June 13, 2002, plaintiff was once again diagnosed with spondylosis and spinal cord flattening at C5-6 and C6-7, as well as central disc herniation at C6-7 by Dr. Koeleveld.
On July 3, 2002, plaintiff underwent an anterior cervical discectomy, fusion, and stabilization at C6-7.
Plaintiff has not returned to work for defendant-employer or for any other employer.
Plaintiff filed a Form 18 notice of claim on August 7, 2002, eight months after the date of her alleged injury by accident. She testified that she filed this claim because she "needed help" and felt that defendant-employer should "take responsibility."
There is insufficient evidence of record from which the Full Commission can find that plaintiff's condition for which she underwent surgery on July 3, 2002, was caused or aggravated by an injury by accident or specific traumatic incident as defined by the Workers' Compensation Act or applicable case law. Based on the evidence of record, the Full Commission finds that plaintiff's present claim is an aggravation or recurrence of her previous cervical injury.
Plaintiff's previous cervical injury in 1999 was the subject of a different workers' compensation claim against a separate employer. This claim settled pursuant to a compromise settlement agreement.
Plaintiff's contention that she sustained a new injury by accident or specific traumatic incident arising out of and in the course of her employment with defendant-employer during December 2001 lacks merit based upon a review of the totality of the evidence in this matter.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff's disability that commenced on May 31, 2002, was the result of a preexisting degenerative condition. Plaintiff's disability was neither caused nor aggravated by injury or specific traumatic incident associated with plaintiff's employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff did not give timely notice of her alleged injury by accident. N.C. Gen. Stat. § 97-22.
3. For the foregoing reasons, plaintiff has not met her burden of proving that she is entitled to benefits under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. §§ 97-1, et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Each side shall pay its own costs.
This the 10th day of December 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER